Filed 6/19/15  P. v. Festag CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>SCOTT WILLIAM FESTAG,<br><br>      Defendant and Appellant. | C077423<br><br>(Super. Ct. Nos. CM038441,<br>   NCR86467, NCR87154) |

Defendant Scott William Festag pleaded no contest to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1).  The trial court sentenced defendant to eight months in state prison, to run consecutive to a previously imposed five-year term in two Tehama County cases.

1

On appeal, defendant asks us to remand the case for the trial court to entertain a petition for resentencing pursuant to Penal Code section 1170.18.[1]  He makes no claim of error.

Because defendant's remedy is to petition the trial court for resentencing after his conviction is final, not to seek remand for resentencing, we shall affirm the judgment.

**DISCUSSION**

The underlying facts of defendant's crimes are irrelevant to the issue on appeal.  It suffices to say that defendant was convicted of felony drug possession for conduct that cannot now be charged as felonious.

Proposition 47 added section 1170.18, which in part provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (§ 1170.18, subd. (a).)

Asserting he is not disqualified from resentencing, defendant asks us to remand the case to the trial court with directions to recall the sentence and hold a resentencing hearing pursuant to section 1170.18.  We recently concluded, however, that a defendant who may potentially benefit from retroactive application of Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final.  (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)  The procedure set forth in section 1170.18 applies to "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ." (§ 1170.18, subd. (a).)  Defendant is such a person.  The act clearly

---

[1] Further undesignated statutory references are to the Penal Code.

states the manner in which any adjustment in his sentence is to be accomplished. Defendant is limited to the statutory remedy of petitioning the trial court for recall of sentence when the judgment is final.

## DISPOSITION

The judgment is affirmed.


       DUARTE       , J.


We concur:


     RAYE      , P. J.


     ROBIE     , J.